**Electronically Filed
Intermediate Court of Appeals
28745
21-JAN-2011
10:03 AM**

NO. 28745

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


OCEANIC KAIMAMALA CORP., NEPHI OHAI, LEO OHAI, and
VIRGINIA OHAI, Plaintiffs/Counterclaim Defendants-Appellants,
v. STATE OF HAWAII, STATE OF HAWAII DEPARTMENT OF PLANNING
AND ECONOMIC DEVELOPMENT AND ITS SUCCESSOR ENTITIES,
Defendants/Counterclaimants-Appellees, and DOES 1-100,
Defendants, and OCEANIC LIBRA CORPORATION, a Hawaii
corporation, Additional Counterclaim Defendant-Appellant,
and TIARE SIMONE MARTIN, aka TIARE OHAI MARTIN; JEAN B. OHAI,
aka NORMA JEAN B. OHAI, and HAWAII NATIONAL BANK,
Additional Counterclaim Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 01-1-2505)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard JJ.)

Plaintiffs/Counterclaim Defendants-Appellants Oceanic
Kaimamala Corporation, Nephi Ohai, Leo Ohai, and Virginia Ohai
(**Plaintiffs**) and Additional Counterclaim Defendant-Appellant
Oceanic Libra Corporation[1] (collectively, **Appellants**) appeal
from the Amended Judgment entered on August 14, 2007, by the
Circuit Court for the First Circuit (**Circuit Court**),[2] in favor
of Defendants/Counterclaimants-Appellees State of Hawai'i and

---

[1]     All references herein to the State's counterclaims include the
claims against Oceanic Libra.

[2]     The Honorable Karen S.S. Ahn presided.

State of Hawaiʻi Department of Business, Economic Development and Tourism, formerly Department of Planning and Economic Development (**State**) on Counts I-VI of the State's Amended Counterclaim, pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b).

On this appeal, Plaintiffs contend that their breach of contract claim against the State was not barred by the applicable two-year statute of limitations. Plaintiffs and Oceanic Libra also contend, generally, that the State should not have prevailed on its counterclaims because the State breached the terms of the operative loan documents. In their points of error, Appellants challenge Finding of Fact (**FOF**) No. 29 and Conclusions of Law (**COL**) Nos. 5, 6, 7, and 8 of the Circuit Court's March 7, 2007 FOFs and COLs entered after the trial on the State's counterclaims:

### FINDINGS OF FACT

. . . .

29. As of March 14, 2006, the outstanding balance owing on Loan 28 included $560,000.00 in principal; $741,183.33 in interest; and $979.00 in care and maintenance expenses. Per diem interest on Loan 28 is $116.67. As of March 14, 2006, the outstanding balance owing on Loan 61 included $166,000.00 in principal; $127,059.17 in interest; and $971.00 in care and maintenance expenses. Per diem interest on Loan 61 is $34.58.

. . . .

### CONCLUSIONS OF LAW

. . . .

5. OKC and the Ohais accepted the State's offer to loan the stated sums, originally requested by the Ohais, on certain terms. The objective intent of the parties was to form contracts based upon the loan authorizations and agreements, notes, mortgages, guarantees, and modifications. The parties agreed to all material terms. Based upon the credible circumstances and reasonable inferences to be drawn therefrom, the Court must conclude that a term to which all parties objectively intended to agree as to both loans was that OKC and/or the Ohais would make periodic interest-only payments upon disbursed principal.

6. The question [of] whether a written contract was intended to be fully integrated, integrated as to a term, as a complete and exclusive statement of the terms of the agreement, or not, is an initial question for the trier of fact. Restatement (second) of contracts (hereinafter, "Restatement"), section 209. It may be decided based upon all relevant evidence and the circumstances bearing upon the intention of the parties; the inclusion of such a term declaring the written document to be a full integration is but one part of the evidence. Restatement, sections 209 and

210. The credible evidence establishes that the parties did not intend that the Loan 28 documents would constitute a completely integrated agreement.

7. Although documents for both Loans 28 and 61 required disbursements in the discretion of the State to be made within 12 months of signing of those documents, the Ohais' requested added disbursements thereunder beyond the 12-month periods, agreeing to repay any additional funds in accordance with the terms of Loans 28 and 61. The State agreed, foregoing any right to cease further disbursements. By so agreeing, the parties objectively agreed to extend the original loans.

8. The counterclaim defendants breached the contracts and guarantees by not paying sums when due and owing. Furthermore, Leo and Virginia Ohai are in breach for assigning the Nuuanu Avenue apartment without having obtained the State's consent or agreement.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' contentions as follows:

(1) We do not have appellate jurisdiction over the Circuit Court's rulings on Plaintiffs' breach of contract claim against the State because the September 30, 2004 Judgment is not an independently appealable order or judgment under Hawaii Revised Statutes (**HRS**) § 641-1(a) (1993 & Supp. 2009). HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (**HRCP**), which specifically requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for

3

certification under HRCP [Rule] 54(b)." Id. The September 30, 2004 Judgment does neither.

The August 14, 2007 Amended Judgment, while expressly certifying as final the Circuit Court's disposition of Counts I-VI of the State's Amended Counterclaim, does not purport to certify the finality of the court's action on the Plaintiffs' Complaint. Instead, the Amended Judgment states the following:

> Plaintiffs' Complaint was previously dismissed by order filed on September 22, 2004, and a separate judgment was entered in favor of Defendant/Counterclaimant State of Hawaii and against Plaintiffs on the entire Complaint on September 30, 2004.[3]

The September 22, 2004 order dismissing Plaintiffs' claims was not reduced to a judgment by either the September 30, 2004 Judgment or the August 14, 2007 Amended Judgment. "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). Accordingly, the appeal on the Plaintiffs' claim against the State is dismissed.

(2) Appellants fail to provide discernible arguments with respect to the points of error challenging FOF 29, COLs 5, 7, and 8. "An appellate court need not address matters as to which the appellant has failed to present a discernible argument." Int'l Sav. & Loan Ass'n, Ltd. v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000); Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(7) (stating that the argument in the opening brief must contain "citations to the authorities, statutes and parts of the record relied on" and "[p]oints not argued may be deemed waived"); see also, e.g., Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516 (1967)

---

[3]    We note that, if the September 30, 2004 Judgment had effectively constituted a final judgment on the Plaintiffs' affirmative claims against the State, then the Plaintiffs' attempts to now appeal from that judgment would have been untimely.

(citations omitted); <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995); <u>Citicorp Mortgage, Inc. v. Bartolome</u>, 94 Hawaiʻi 422, 433, 16 P.3d 827, 838 (App. 2000).

With respect to FOF 29, Appellants allege that the Circuit Court erred in finding "that sums are owed by Plaintiffs to Defendant," but present no discernible argument in support of that contention. It is not materially disputed that Appellants borrowed $726,000 from the State and promised to repay the money to the State. They have, *inter alia*, failed to repay any part of the principal, and any interest since 1989. FOF 29 is supported by credible evidence in the record on appeal.

Appellants argue that the Circuit Court erred in entering COL 5 concluding that a term to which "all parties objectively intended to agree as to both loans was that [Oceanic Kaimamala] and/or the Ohais would make periodic interest-only payments upon disbursed principal." Appellants, however, make no discernible argument and cite no authority or factual findings to explain why COL 5 is wrong. Appellants do not challenge factual findings that support this conclusion, including but not limited to FOFs 15, 20, 21, and 23.

Similarly, Appellants challenge COL 7 concluding that "the parties objectively agreed to extend the original loans." Again, Appellants fail to present a discernible argument. Appellants do not argue or cite any authority or factual findings to explain how or why COL 7 is wrong or argue that the parties did not objectively agree to extend the loans. COL 7 is supported by the Circuit Court's FOFs and the record on appeal.

With respect to COL 8, Appellants argue that the Circuit Court erred in concluding that "the [Appellants] breached the contracts and guarantees by not paying sums when due and owing," but present no argument that the conclusion is wrong or that they did not breach the contracts. Appellants borrowed $726,000 from the State and promised to repay the money to the

State. They have, *inter alia*, failed to repay any part of the principal, and any interest since 1989. COL 8 is supported by the Circuit Court's FOFs and the record on appeal.

Appellants argue generally that the Circuit Court erred in entering judgment in favor of the State on the counterclaims based on two assertions: (1) that the State breached its duty of good faith and fair dealing, apparently challenging COL 11; and (2) that parol evidence was improperly introduced.

Appellants argue that the portion of COL 11 providing that "there is no credible evidence that the State wrongfully, deliberately, or substantially acted to hinder the Ohai's [sic] contractual performance" is "simply wrong." However, COL 11 is not designated as a point of error, and the Appellants do not state where in the record the alleged error occurred or where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the Circuit Court, as is required under HRAP Rule 28(b)(4). Also inconsistent with HRAP Rule 28(b)(4), Appellants did not argue in the trial court below that the State breached its duty of good faith and fair dealing. In its closing argument at trial, Appellants argued that the "doctrine of prevention" applies in this case – i.e., that State prevented their performance on the loan contracts through a willful act or omission. On appeal, Appellants appear to replace that theory with the argument that the State breached a duty of good faith and fair dealing. This court need not consider a point that was not appropriately presented in the trial court. See HRS § 641-2 (2004); see also Okuhara v. Broida, 51 Haw. 253, 255, 456 P.2d 228, 230 (1969); Craft v. Peebles, 78 Hawaiʻi 287, 294, 893 P.2d 138, 145 (1995); Price v. AIG Hawaiʻi Ins. Co., Inc., 107 Hawaiʻi 106, 111, 111 P.3d 1, 6 (2005); HRAP Rule 28(b)(4)(iii).

In addition, the record supports the Circuit Court's conclusion. The assertion that the State, as lender, breached a

duty of good faith against the Appellants, as borrowers, is an affirmative defense. See Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 304, 141 P.3d 459, 477 (2006). Accordingly, Appellants have the burden of proving that the State breached that duty. Id. We conclude that Appellants have not satisfied that burden. The evidence does not support a conclusion that the State acted in bad faith. It appears that the State's delayed disbursement of the loan proceeds was consistent with Appellants' justified expectations because, *inter alia*, Appellants themselves sought to delay disbursements due to conflicts with their vessel builder and the loan documents included various pre-conditions to disbursement. Furthermore, there is substantial evidence in the record to refute an argument that any alleged breach of good faith "was the sole cause of [Appellants'] failure to repay the loan." See Stanford Carr, 111 Hawai'i at 304, 141 P.3d at 477 (emphasis added). The construction dispute between Appellants and their builder indisputably delayed the completion of the vessel for several years and prevented the use of the vessel to generate income to repay the debt.

Appellants' argument that parol evidence was improperly introduced appears to be directed at its challenge to COL 6. However, in the proceedings below, Appellants neither argued that the Loan 28 documents were completely integrated nor objected to any extrinsic evidence introduced by the State on the basis that it was barred by the parol evidence rule. "The proposition that the protection of the parol evidence rule, like our constitutional protections, can be waived, is a reasonable one . . . . [O]nce admitted without objection, extrinsic evidence is entitled to full consideration in determining the true intent of the parties." Okuhara v. Broida, 51 Haw. 253, 257, 456 P.2d 228, 231 (1969). Because the Appellants are

7

clearly invoking the parol evidence rule for the first time on appeal, this argument is waived.

For these reasons, the Circuit Court's August 14, 2007 Amended Judgment is affirmed. To the extent that Appellants seek to appeal Plaintiffs' affirmative claim against the State, the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 21, 2011.

On the briefs:

Gary Y. Okuda
(Leu & Okuda)
for Plaintiffs/Counterclaim
Defendants-Appellants

Kimberly Tsumoto Guidry
Deputy Solicitor General
(Department of the Attorney General)
for Defendants/Counterclaimants-
Appellees

Chief Judge

Associate Judge

Associate Judge